UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEZQUAN BATTS, | : : : | |
| Plaintiff, | : : | Civil Action No. 24-11078 (BRM) (AME) |
| v. | : : : | **MEMORANDUM AND ORDER** |
| GOVERNOR PHIL MURPHY, et al., | : : | |
| Defendants. | : : : | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Lezquan Batts ("Plaintiff"), a state prisoner currently confined at Northern State Prison in Newark, New Jersey, upon the filing of a civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a renewed application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). (ECF Nos. 8, 9.) The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $405. That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible

for the $55 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In other words, Plaintiff must pay the entire filing fee even if he is granted leave to proceed *in forma pauperis* and even if the case is dismissed before the entire fee has been paid. The Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a). Specifically, he has failed to provide a certified six-month account statement signed by an appropriate prison official. Rather, Plaintiff signed the account certification himself. (*See* ECF No. 8 at 3.) If Plaintiff wishes to reopen this action, he must either pay the $405.00 filing fee <u>or</u> submit a complete application to proceed *in forma pauperis* with a certified account statement from the appropriate prison official.

Accordingly, and for good cause appearing,

**IT IS** on this 29th day of October 2025,

**ORDERED** the Clerk of Court shall make a separate entry **RE-OPENING** this matter; and it is further

**ORDERED** Plaintiff's request to proceed *in forma pauperis* (ECF Nos. 8, 9) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Heriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights) (DNJ -ProSe-007-A(Rev. 12/2023)) to be used by Plaintiff in any future application to proceed *in forma pauperis*; and it is further

**ORDERED** if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101,within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified prison account statement for the six months immediately preceding the filing of the Complaint, or (2) the $405 fee including the $350 filing fee plus the $55 administrative fee; and it is further

**ORDERED** upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE